IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARVIN MENCIA, | § | |
| | § | No. 17, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0908028554 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 9, 2015
Decided: February 11, 2015

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 11ᵗʰ day of February 2015, upon consideration of the Clerk's notice to show cause and the appellant's response to the notice, it appears to the Court that:

(1) On January 14, 2015, the appellant, Marvin Mencia, filed a notice of appeal from an unidentified Superior Court order in a criminal case.[1] Under Supreme Court Rule 7, a notice of appeal must "[d]esignate the judgment or order . . . sought to be reviewed and the date thereof."[2]

---

[1] The notice of appeal filed on January 14, 2015 did not attach a copy of the court order, as Mencia would later assert.

[2] Del. Supr. Ct. R. 7(c)(3).

Therefore, by letter dated January 14, 2015, the Senior Court Clerk advised Mencia that the notice of appeal was incomplete, and that he must file an amended notice of appeal on or before January 29, 2015.[3]

(2)     On January 26, 2015, Mencia filed an amended notice of appeal identifying the Superior Court's order of November 3, 2014, as the order from which the appeal is taken.  On its face, the amended notice of appeal was untimely filed.[4]  Therefore, the Senior Court Clerk issued a notice under Supreme Court Rule 29(b) directing that Mencia show cause why the appeal should not be dismissed.

(3)     Mencia filed a response to the notice to show cause on February 9, 2015.  In his response, Mencia argues that the Court should accept the appeal as timely filed because (i) he submitted the amended notice of appeal by the January 29, 2015 deadline established by the Senior Court Clerk; (ii) he did not receive the Superior Court's order of November 3, 2014 until November 7, 2014; and (iii) any delay in filing the notice of appeal should be excused in view of "the Thanksgiving Holiday" and, according to Mencia, "'snow days' in December 2014" when state government offices were closed, which were "factors out of his control."

---

[3] The Senior Court Clerk also provided Mencia with a copy of Official Form A, the Court's notice of appeal form.

[4] Supreme Court Rule 6 provides that a notice of appeal must be filed within thirty days of the order from which the appeal is taken.

2

(4) Mencia's contentions are unavailing. Under Delaware law and procedure, "[t]ime is a jurisdictional requirement."[5] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel and not to the appellant, an untimely appeal cannot be considered.[6]

(5) To invoke this Court's appellate jurisdiction, a notice of appeal in a postconviction proceeding must be received by the Clerk[7] "[w]ithin 30 days after entry upon the docket" of the order sought to be reviewed.[8] Intermediate Saturdays, Sundays, legal holidays and "other day[s] on which the office of the Clerk is closed" are included in the computation unless the last day of the appeal period is a Saturday, Sunday, legal holiday, or other day when the Clerk's office is closed, "in which event the period runs until the end of the next day on which the office of the Clerk is open."[9]

(6) In Mencia's case, the November 3, 2014 order from which the appeal is taken was entered on the Superior Court docket on November 7,

---

[5] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[6] *See Bey v. State*, 402 A.2d 362, 363 (Del. 1979) (permitting review of untimely appeal when delay was "occasioned by court related personnel").

[7] Del. Supr. Ct. R. 10(a).

[8] Del. Supr. Ct. R. 6(a)(iii).

[9] Del. Supr. Ct. R. 11(a).

2014.  Therefore, any appeal from the November 3 order was required to be filed with the Clerk on or before December 8, 2014.

(7)    Mencia did not file the notice of appeal until January 14, 2015. Mencia does not contend, and the record does not reflect, that his failure to file the notice of appeal by December 8, 2014 is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of an appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6(a)(iii) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice